

RECEIVED

JAN 1 0 2003

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED

JAN 1 4 2003

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
_____ DEPUTY CLERK

Hilaria Cano, Gloria Almaguer, Delma Torres §
Alvear, San Juanita Arguellez, Dorothy Dale as §
heir and personal representative of the Estate of §
Wanda Bryan, Debra Cantu, Petra DeLaPaz §
Carrion, Eva Casarez, Eva Casarez as heir and §
personal representative of the Estate of Rudy §
Casarez Sr., Rudy Casarez Jr., Reynaldo §
Casarez Sr., Sandra Chesser, Arturo Contreras §
Sr., Arturo P. Contreras Jr., Robert A. Contreras §
Arturo Contreras as heir and personal §
representative of the Estate of Maria Contreras §
Elma Cortez, Louisa P. Cortez, Lisa Cruz as §
Next Friend of Mercedes E. Cruz, a Minor, Lisa §
Cruz, Dorothy L. Dale, Edward de la Garza, §
Norma Jean Delgado, Rachel C. Dovalina, §
Charles Foley, Jimmy L. Foley, Jessica Maria §
Garcia, Emilio P. Garcia, Alfredo P. Garcia, §
Olivia Garcia, Jessica Garcia as heir and §
personal representative of the Estate of Jesus §
Garcia Sr., Elizabeth Gauna, Lynette Gonzales §
as Independent Executrix of Estate of Bennie §
Gonzales, Oralia V. Gonzales, Bennie §
Gonzales, Jr., Magdaleno Gonzales §
Lynette Gonzales, Maria Elva Gonzales §
Jesse Gutierrez, Evelyn Hartman, Evelyn §
Hartman as heir and personal representative of §
the Estate of Alton Hartman, Perry Hartman §
Presley Hartman, Jose L. Hernandez III, Marta §
Hernandez, Carylann Hernandez, Bridgit §
Hernandez, Jose Hernandez III and Bridgit §
Hernandez as next friend of Jose Hernandez IV, §
a minor, Yvonne Marie Herrera, Maria Ibarra §
Juanita Torres Inclan, Sam P. Jansky Sr., Fabian §
Claud Kowalik, Nancy R. Leal, Norma Jean §
Lopez, Johnny G. Martinez, Julius Matthews §
Gary J. Molina, Darlene Adams as heir and §
personal representative of the Estate of Andres §
S. Molina, Enrique F. Molina, Gerald J. Molina §
Gary John and Lisa Molina as Next Friend of §
Thomas Molina, a Minor, Gary J. Molina, Lisa §
Molina, Gerald Molina, Darlene D. Molina- §
Adams, Russell E. Mutz, Arlene Mzyk, Tracy §
Olvera, Arleen Olvera Soria as Executor of the §
Estate of Mario Olvera, Sr., Mario Olvera Jr., §
Estila Torres Perez, Eirene T. Ramirez, Elida §

**SA04CA0352**

**XR**



Ramos as heir and personal representative of the §
Estate of Alberto Ramos, Elida Ramos §
Arleen Olvera Soria as Next Friend of Amber §
N. Ramos, a Minor, Elida Ramos, Genaro §
Rodriguez, Martina Rodriguez, Augustina §
Rosales, Robert Rosales, Ronnie Rosales, §
Michael Ray Rosales, Abel Rosales, Lucinda §
Ruiz, Angel R. Ruiz, Lucinda Ruiz as heir and §
personal representative of the Estate of §
Abelardo L. Ruiz, Pauline Saenz, Mercedes E. §
Salinas, Natividad Sauceda, Flora Segura, §
Adolfo Serenil, Arleen Olvera Soria, Linda §
Torres Moses, Yvonne Herrera as heir and §
personal representative of the Estate of §
Guadelupe Tobar, Mauro G. Torres Jr., Felicita §
Torres, Pedro Torres, Jennifer Leigh Torres, §
John Mitchell Torres, Israel Torres, Alfredo §
Torres, Norma Delgado as heir and personal §
representative of the Estate of Mauro Torres, Sr. §
Rose Torres, Aurora Serenil Urrutia, Crescencia §
M. Valdez as heir and personal representative of §
the Estate of Pedro M. Valdez, Sr., Joe Gabriel §
Valdez, Pedro M. Valdez Jr., Crescencia M. §
Valdez, Brigida M. Valdez , Irene G. §
Villanueva, Paula Ochoa Villanueva, Crystal §
Gail Yanta. §
§
§
vs.                     §     Civil Action ▓▓▓▓▓▓▓▓▓▓▓▓
§
§
§
Everest Minerals Corporation, Rio Grande §
Resources Corporation, Conoco, Inc., Pioneer §
Corporation, Pioneer Nuclear, Inc., Chevron §
U.S.A., Inc., Susquehanna Western Mining §        **SA04CA0352**
Company, Susquehanna-Western Inc., §
Conquista Project Corporation d/b/a Texas §
Conquista Project, Inc., Conquista Project §
Corporation, Exxon Mobil Corporation f/k/a §
Exxon Corporation, United States Steel, L.L.C. §
Corporation f/k/a U.S. Steel, Aventis Crop §
Science USA, Inc. Successor to Rhone-Poulenc, §
Inc. and Rhone-Poulenc Ag Company, Inc., §
Honeywell International Inc. f/k/a Allied Signal, §
Inc., Rhodia Electronics and Catalysis, Inc. f/k/a §
Rhodia Rare Earths Inc., Everest Exploration, §
Inc., IEC Corporation, IEC Corporation f/k/a §
Instrument Engineering Company, Cogema §

Mining, Inc. f/k/a Tenneco Uranium, Inc.,            §
Viacom, Inc., successor by merger to CBS             §
Corporation f/k/a Westinghouse Electric              §
Corporation                                          §
                                                     §
                                                     §

           Defendants.

## PLAINTIFFS' FOURTH AMENDED ORIGINAL COMPLAINT

COMES NOW, Hilaria Cano, Gloria Almaguer, Delma Torres Alvear, San Juanita Arguellez, Dorothy Dale as heir and personal representative of the Estate of Wanda Bryan, Debra Cantu, Petra DeLaPaz Carrion, Eva Casarez, Eva Casarez as heir and personal representative of the Estate of Rudy Casarez Sr., Rudy Casarez Jr., Reynaldo Casarez Sr., Sandra Chesser, Arturo Contreras Sr., Arturo P. Contreras Jr., Robert A. Contreras, Arturo Contreras as heir and personal representative of the Estate of Maria Contreras, Elma Cortez, Louisa P. Cortez, Lisa Cruz as Next Friend of Mercedes E. Cruz, a Minor, Lisa Cruz, Dorothy L. Dale, Edward de la Garza, Norma Jean Delgado, Rachel C. Dovalina, Charles Foley, Jimmy L. Foley, Jessica Maria Garcia, Emilio P. Garcia, Alfredo P. Garcia, Olivia Garcia, Jessica Garcia as heir and personal representative of the Estate of Jesus Garcia Sr., Elizabeth Gauna, Lynette Gonzales as Independent Executrix of Estate of Bennie Gonzales, Oralia V. Gonzales, Bennie Gonzales, Jr., Magdaleno Gonzales, Lynette Gonzales, Maria Elva Gonzales, Jesse Gutierrez, Evelyn Hartman, Evelyn Hartman as heir and personal representative of the Estate of Alton Hartman, Perry Hartman, Presley Hartman, Jose L. Hernandez III, Marta Hernandez, Carylann Hernandez, Bridgit Hernandez, Jose Hernandez III and Bridgit Hernandez as next friend of Jose Hernandez IV, a minor, Yvonne Marie Herrera, Maria Ibarra, Juanita Torres Inclan, Sam P. Jansky Sr., Fabian Claud Kowalik, Nancy R. Leal, Norma Jean Lopez, Johnny G. Martinez,

Julius Matthews, Gary J. Molina, Darlene Adams as heir and personal representative of the Estate of Andres S. Molina, Enrique F. Molina, Gerald J. Molina, Gary John and Lisa Molina as Next Friend of Thomas Molina, a Minor, Gary J. Molina, Lisa Molina, Gerald Molina, Darlene D. Molina-Adams, Russell E. Mutz, Arlene Mzyk, Tracy Olvera, Arleen Olvera Soria as Executor of the Estate of Mario Olvera, Sr., Mario Olvera Jr., Estila Torres Perez, Eirene T. Ramirez, Elida Ramos as heir and personal representative of the Estate of Alberto Ramos, Elida Ramos, Arleen Olvera Soria as Next Friend of Amber N. Ramos, a Minor, Elida Ramos, Genaro Rodriguez, Martina Rodriguez, Augustina Rosales, Robert Rosales, Ronnie Rosales, Michael Ray Rosales, Abel Rosales, Lucinda Ruiz, Angel R. Ruiz, Lucinda Ruiz as heir and personal representative of the Estate of Abelardo L. Ruiz, Pauline Saenz, Mercedes E. Salinas, Natividad Sauceda, Flora Segura, Adolfo Serenil, Arleen Olvera Soria, Linda Torres Moses, Yvonne Herrera as heir and personal representative of the Estate of Guadelupe Tobar, Mauro G. Torres Jr., Felicita Torres, Pedro Torres, Jennifer Leigh Torres, John Mitchell Torres, Israel Torres, Alfredo Torres, Norma Delgado as heir and personal representative of the Estate of Mauro Torres, Sr., Rose Torres, Aurora Serenil Urrutia, Crescencia M. Valdez as heir and personal representative of the Estate of Pedro M. Valdez, Sr., Joe Gabriel Valdez, Pedro M. Valdez Jr., Crescencia M. Valdez, Brigida M. Valdez , Irene G. Villanueva, Paula Ochoa Villanueva, Crystal Gail Yanta, Plaintiffs in the above and styled and numbered cause, and file this, their Fourth Amended Original Complaint against Defendants and in support thereof, would respectfully show this Honorable Court the following:

## JURISDICTION

1.    This Court has jurisdiction over this action under federal question jurisdiction, 28 U.S.C. 1331, for violations of Chapter 23 of the Public Health and Welfare Code.

## PARTIES

2.    Plaintiffs are Hilaria Cano, Gloria Almaguer, Delma Torres Alvear, San Juanita Arguellez, Dorothy Dale  as heir and personal representative of the Estate of Wanda Bryan, Debra Cantu, Petra DeLaPaz Carrion, Eva Casarez, Eva Casarez as heir and personal representative of the Estate of Rudy Casarez Sr., Rudy Casarez Jr., Reynaldo  Casarez Sr., Sandra Chesser, Arturo Contreras Sr., Arturo P. Contreras Jr., Robert A. Contreras, Arturo Contreras as heir and personal representative of the Estate of Maria Contreras, Elma Cortez, Louisa P. Cortez, Lisa Cruz as Next Friend of Mercedes E. Cruz, a Minor, Lisa Cruz, Dorothy L. Dale, Edward de la Garza, Norma Jean Delgado, Rachel C. Dovalina, Charles Foley, Jimmy L. Foley, Jessica Maria Garcia, Emilio P. Garcia, Alfredo P. Garcia, Olivia Garcia, Jessica Garcia as heir and personal representative of the Estate of Jesus Garcia Sr., Elizabeth Gauna, Lynette Gonzales as Independent Executrix of Estate of Bennie Gonzales, Oralia V. Gonzales, Bennie Gonzales, Jr., Magdaleno Gonzales, Lynette Gonzales, Maria Elva Gonzales, Jesse Gutierrez, Evelyn Hartman, Evelyn Hartman as heir and personal representative of the Estate of Alton Hartman, Perry Hartman, Presley Hartman, Jose L. Hernandez III, Marta Hernandez,  Carylann Hernandez, Bridgit Hernandez, Jose Hernandez III  and Bridgit Hernandez as next friend of Jose Hernandez IV, a minor, Yvonne Marie Herrera, Maria Ibarra, Juanita Torres Inclan, Sam P. Jansky Sr., Fabian Claud Kowalik, Nancy R. Leal, Norma Jean Lopez,  Johnny G.  Martinez, Julius Matthews, Gary J. Molina, Darlene Adams as heir and personal representative of  the Estate of Andres S. Molina, Enrique F. Molina, Gerald J. Molina, Gary John  and Lisa Molina as Next Friend of Thomas Molina, a Minor, Gary J. Molina, Lisa Molina, Gerald  Molina, Darlene D. Molina-Adams, Russell E. Mutz, Arlene Mzyk, Tracy Olvera, Arleen Olvera Soria as Executor of the Estate of Mario Olvera, Sr., Mario Olvera Jr., Estila Torres Perez, Eirene T.

Ramirez, Elida Ramos as heir and personal representative of the Estate of Alberto Ramos, Elida Ramos, Arleen Olvera Soria as Next Friend of Amber N. Ramos, a Minor, Elida Ramos, Genaro Rodriguez, Martina Rodriguez, Augustina Rosales, Robert Rosales, Ronnie Rosales, Michael Ray Rosales, Abel Rosales, Lucinda Ruiz, Angel R. Ruiz, Lucinda Ruiz as heir and personal representative of the Estate of Abelardo L. Ruiz, Pauline Saenz, Mercedes E. Salinas, Natividad Sauceda, Flora Segura, Adolfo Serenil, Arleen Olvera Soria, Linda Torres Moses, Yvonne Herrera as heir and personal representative of the Estate of Guadelupe Tobar, Mauro G. Torres Jr., Felicita Torres, Pedro Torres, Jennifer Leigh Torres, John Mitchell Torres, Israel Torres, Alfredo Torres, Norma Delgado as heir and personal representative of the Estate of Mauro Torres, Sr., Rose Torres, Aurora Serenil Urrutia, Crescencia M. Valdez as heir and personal representative of the Estate of Pedro M. Valdez, Sr., Joe Gabriel Valdez, Pedro M. Valdez Jr., Crescencia M. Valdez, Brigida M. Valdez , Irene G. Villanueva, Paula Ochoa Villanueva, Crystal Gail Yanta.

## DEFENDANTS

3.    Defendant, Everest Minerals Corporation is a corporation organized and existing under the laws of the State of Texas and has its principal place of business in the State of Texas.

4.    Defendant Everest Minerals Corporation has already appeared herein, therefore no service of process is necessary.

5.    Defendant Conoco Inc., is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in the State of Delaware. Defendant Conoco, Inc. has already appeared herein, therefore no services of process is necessary.

6.    Defendant Pioneer Corporation, is a corporation organized and existing under the laws of the State of Texas and has its principal place of business in the State of Texas. Service

of process on Defendant, Pioneer Corporation, has already been requested, and no additional service of process is necessary at this time.

7.     Defendant, Pioneer Nuclear, Inc., is a corporation organized and existing under the laws of the State of Texas and has its principal place of business in the State of Texas. Service of process on Defendant, Pioneer Nuclear, Inc. has already been requested, and no additional service of process is necessary at this time.

8.     Defendant, Chevron U.S.A. Inc. is a corporation and existing under the laws of the State of Pennsylvania and has its principal place of business in the State of Pennsylvania. Defendant Chevron, U.S.A. has already appeared herein, therefore no service of process is necessary.

9.     Defendant, Susquehanna Western Mining Company, is a corporation doing business in the State of Texas.  Service of process on Defendant Susquehanna Western Mining Company has already been requested, and no additional service of process is necessary at this time.

10.     Defendant, Susquehanna-Western, Inc. is a corporation and existing under the laws of the State of Wisconsin. Service of process on Defendant Susquehanna-Western, Inc. has already been requested, and no additional service of process is necessary at this time.

11.     Defendant, Conquista Project Corporation d/b/a Texas Conquista Project, Inc., is a corporation organized and existing under the laws of the State of Texas and has its principal place of business in the State of Texas. Service of process on Defendant, Conquista Project Corporation d/b/a Texas Conquista Project, Inc. has been requested, and no additional service of process is necessary.

12.     Defendant, Conquista Project Corporation, is a corporation organized and existing under the laws of the State of Texas and has its principal place of business in The State of Texas.

Service of process on Defendant, Conquista Project Corporation d/b/a Texas Conquista Project, Inc. has been requested, and no additional service of process is necessary.

13. Defendant, Rio Grande Resources Corporation, is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in the State of Delaware. Defendant Rio Grande Resources Corporation has already appeared herein, therefore no service of process is necessary.

14. Defendant, ExxonMobil Corporation f/k/a Exxon Corporation is a corporation organized and existing under the laws of the State of New Jersey and has its principal place of business in the State of New Jersey. Defendant, Exxon Mobil Corporation f/k/a Exxon Corporation has already appeared herein, therefore no service of process is necessary.

15. Defendant, United States Steel, L.L.C. f/k/a U. S. Steel, Incorporated is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in the State of Delaware. Defendant United States Steel L.L.C. has already appeared herein therefore no service of process is necessary.

16. Defendant, Aventis CropScience USA, Inc. is a successor to Rhone-Poulenc, Inc., a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Delaware. Defendant, Aventis Crop Science, Inc. has already appeared herein, therefore no service of process is necessary.

17. Defendant, Aventis CropScience USA, Inc. is a successor to Rhone-Poulenc Ag Company, Inc., a corporation organized and existing under the laws of the State of Pennsylvania. Defendant, Aventis Crop Science, Inc. has already appeared herein, therefore no service of process is necessary.

18. Defendant, Rhodia Electronics and Catalysis Inc. f/k/a Rhodia Rare Earths Inc., is

a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in New Jersey. Defendant Rhodia Electronic and Catalysis Inc. f/k/a Rhodia Rare Earths Inc., has already appeared herein therefore no service of process is necessary.

19. Defendant, Everest Exploration, Inc., is a corporation organized and existing under the laws of the State of Texas. Defendant Everest Exploration, Inc. has already appeared herein, therefore no service of process is necessary.

20. Defendant, Honeywell International Inc., f/k/a Allied Signal Inc., is a corporation organized and existing under the laws of the State of Delaware. Defendant Honeywell International Inc. f/k/a Allied Signal Inc. (hereinafter "Allied Signal") has already appeared herein therefore no service of process is necessary.

21. Defendant, IEC Corporation, is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in Colorado. Street, Dallas, Texas 785201. Service of process on Defendant, IEC Corporation has been requested, and no additional service of process is necessary.

22. Defendant, IEC Corporation, f/k/a Instrument Engineering Company is a corporation organized and existing under the laws of the State of Texas and has its principal place of business in Texas. Service of process on Defendant, IEC Corporation, f/k/a Instrument Engineering Company has been requested, and no additional service of process is necessary.

23. Defendant, Cogema Mining, Inc. f/k/a Tenneco Uranium Inc. is a corporation organized and existing under the laws of the State of Delaware. Defendant, Cogema Mining, Inc. f/k/a Teneco Uranium Inc. has already appeared herein therefore no service of process is necessary.

24. Defendant, Viacom Inc., successor by merger to CBS Corporation f/k/a

Westinghouse Electric Corporation (hereinafter "Westinghouse"), is a corporation organized and existing under the laws of the State of Pennsylvania. Defendant Westinghouse has already appeared herein, therefore no service of process is necessary.

FACTUAL BASIS OF CLAIMS

25.   Plaintiffs are residents, or former residents, of Karnes County, DeWitt County, and Wilson County, Texas. Plaintiffs are cancer victims or persons claiming through these cancer victims. This suit arises out of the operations and activities of the Defendants in these counties with regard to uranium mining and milling, including but not limited to the generation, handling, transport, storage and/or disposal of radioactive hazardous waste, heavy metals and other hazardous, poisonous byproducts of the uranium mining and milling activities and the negligent reclamation and remediation activities of the Defendants. Plaintiffs would show as a result of these injurious activities, the ground water in these counties has become polluted and contaminated with radioactive particles, radioactive decay products, heavy metals and other byproducts of uranium mining and milling operations and activities. Additionally, there is airborne pollution from these activities which includes but is not limited to toxins, heavy metals and radioactive particles which has resulted in the contamination of buildings, homes, livestock, vegetation, food and other materials and things necessary for daily living. As a result, the Plaintiffs have been exposed to radioactive decay products (including alpha particles, gamma rays, radon, radon daughters and other products of radioactive decay), radioactive dust, radioactive particles, heavy metals and other contamination caused by the uranium mining and milling activities as well as the handling, storage and/or disposal of radioactive wastes by coming in contact with contaminated materials, by drinking contaminated water, by breathing contaminated air, by eating contaminated food, by bathing and washing in contaminated water,

by engaging in recreational activities in or near contaminated sites, and by working in or near contaminated sites.

26.     Defendants, Conoco, Inc., Conquista Project Corporation and Conquista Project Corporation d/b/a Texas Conquista Project, Inc., Pioneer Nuclear Corporation and Pioneer Corporation owned and/or operated uranium milling facilities and uranium mining facilities in Karnes County and Live Oak County, Texas. Such facilities were known as the Conquista Project. Plaintiffs would show that Conoco, Inc., Conquista Project Corporation and Conquista Project Corporation d/b/a Texas Conquista Project, Inc., Pioneer Nuclear Corporation and Pioneer Corporation were partners and/joint venturers and/or shared joint responsibility through their cooperative effort in the Conquista Project. Alternatively, the Conquista Project was a joint enterprise. Plaintiffs would further show that Defendant, Aventis CropScience USA, Inc. successor to Rhone-Poulenc, Inc., and Rhone-Poulenc Ag Company, Inc., IEC Corporation and IEC Corporation f/k/a Instrument Engineering Company, Cogema Mining, Inc. f/k/a Tenneco Uranium Inc., and Viacom, Inc., successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation, dumped hazardous waste materials and industrial byproducts upon the properties and facilities known as the Conquista Project.

27.     Defendants Chevron U.S.A., Inc. and operated the Panna Maria Project and Jack Pump uranium area in Karnes County, Texas and the Probst-McGriff uranium area in Live Oak County, Texas. The operation of these facilities subsequently became the responsibility of Defendant, Rio Grande Resources Corporation. Plaintiffs would further show that Defendant, Honeywell International Inc. f/k/a Allied Signal Inc., dumped hazardous waste materials and industrial byproducts upon the Chevron properties and facilities.

28.     Defendant Exxon Mobil Corporation owned and operated the Felder uranium operations site located in Live Oak County, Texas.

29.     Defendant Susquehanna Western Mining Company and Susquehanna-Western, Inc. owned and operated the Susquehanna Western Project.

30.     Defendant Everest Exploration, Inc. and Everest Minerals Corporation owned and/or operated tile Hobson mine site located in Karnes County, Texas.

31.     Defendant United States Steel, L.L.C., f/k/a U. S. Steel, Incorporated, owned and operated uranium mining and milling facilities in Live Oak County, Texas known as Texas Uranium Operations.

<u>NEGLIGENCE</u>

32.     Defendants were negligent in numerous particulars, which were a proximate cause and cause in fact of injuries of which Plaintiffs complain. Defendants' negligent acts include but are not limited to some or all of the following:

    a.     In failing to properly secure ponds, pools, pits and piles, and other mining milling and waste facilities and as a result, hazardous materials have leaked and seeped into the ground water;

    b.     In failing to control runoff of rainwater from their properties that contained uranium mining and milling byproducts, effluents and waste materials so that such runoff polluted surrounding areas, surface waters and, subsequently, ground waters;

    c.     In failing to control windblown and airborne contamination, including, but not limited to, waste materials, uranium ore, "yellow cake," stack emissions and other products, byproducts, effluents and waste materials of uranium mining and milling operations;

    d.     In spilling ore, refined uranium and waste products from trucks and railroad trains;

    e.     In failing to institute proper procedures with regard to industrial hygiene and

Industrial safety with regard to the uranium mining and milling operations;

f.    In failing to enforce proper procedures with regard to industrial hygiene and industrial safety with regard to the uranium mining and milling operations;

g.    In holding open pits, ponds, pools and piles as safe areas for recreational activities;

h.    In permitting open pits, ponds, pools and piles to be used as areas for recreational activities;

i.    In failing to properly design, construct and maintain monitor wells;

j.    In failing to properly dispose of waste materials, byproducts and effluents of the mining and milling process;

k.    In failing to protect ground water and surface water from mining and milling operations;

l.    In failing to properly monitor ground water and surface water for contamination caused by uranium mining and milling operations;

m.    In failing to monitor for windblown and airborne contamination caused by uranium mining and milling operations;

n.    In permitting the negligent dumping of hazardous materials on their properties;

o.    In participating in the dumping of hazardous materials in a negligent manner;

p.    In permitting overflow from pits, ponds, pools and piles to surrounding areas, ground water and surface water;

q.    In contaminating the ground water through in situ mining activities;

r.    In failing to warn of dangerous conditions on their premises that created an unreasonable risk of harm;

s.    In failing to warn of dangerous activities on their premises that created an unreasonable risk of harm;

t.    In failing to reduce, eliminate or abate the dangerous conditions on their premises that constituted an unreasonable risk of harm;

u.    In negligently spraying tailings pond liquids and materials into the air;

v.    In using tailings pond liquids and materials for crop irrigation purposes;

w.    In failing to properly secure hazardous materials during transportation;

x.    In failing to properly store hazardous waste materials;

y.    In causing contamination of livestock, poultry, vegetables, fruit, and other food stuffs;

z.    In failing to properly control and prevent the spread of radiation and radioactive materials;

aa.    In failing to restrict public access to areas of radiation and high radiation;

bb.    In failing to properly dispose of radioactive waste;

cc.    In creating radioactive aerosol contaminants;

dd.    In failing to monitor adequately and properly the aerosol contaminant created;

All of such acts of negligence, collectively or singularly were the proximate cause of the injuries and damages in question and Plaintiffs' injuries and damages. Furthermore, the activities maintained by Defendants were unduly dangerous and inappropriate in light of the character and surroundings of Karnes County, Live Oak County, Gonzales County, Atascosa County, and Wilson County, Texas. Defendants should have known that by maintaining such activities in these counties, Plaintiffs and persons similarly situated were likely to be harmed by the unpreventable results of such hazardous activities, even if the Defendants used the utmost care to prevent such harm. Such ultra hazardous activities were a proximate and/or producing cause of Plaintiffs' injuries and damages. Defendants owed a degree of protection to the public proportionate to and commensurate with the dangers involved in the mining, milling, storage, disposal, transportation of radioactive materials. Such duty and obligation was non-delegable.

33.    At all times mentioned in this complaint Defendants, were in possession of superior knowledge concerning the extent to which Plaintiffs and decedents were being exposed

to radiation. Defendants had actual knowledge at all material times herein that Plaintiffs and others similarly situated were being so exposed and of the harmful effects of such exposure upon Plaintiffs, decedents and others similarly situated. Defendants failed and refused to make disclosure of such facts to Plaintiffs, decedents, and others similarly situated and Defendants affirmatively and with intent to mislead plaintiffs, decedents and others similarly situated misrepresented the extent of such radiation exposure and of the effects of such radiation exposure by disseminating false and misleading information concerning both of said subjects as a proximate result of which Plaintiffs and decedents were affirmatively mislead into believing that they were not receiving any radiation exposure or, alternatively, not as much radiation exposure as they were actually receiving and were mislead into believing that any such exposure was not detrimental to their health.

34.    As a result of the injurious acts of the Defendants, Plaintiffs below suffer from life threatening cancers or cancer related illnesses as more specifically set forth below:

    a.    Hilaria Cano - thyroid cancer;
    b.    San Juanita Arguellez - breast cancer;
    c.    Dorothy Dale – as heir and personal representative of the Estate of Wanda Bryan - lung, brain, tumor cancer;
    d.    Elma Cortez - bladder cancer;
    e.    Edward de la Garza - pancreatic cancer;
    f.    Charles Foley - lung, liver, kidney cancer;
    g.    Jimmy L. Foley - colon cancer;
    h.    Emilio P. Garcia - colon cancer;
    i.    Elizabeth Gauna - breast cancer;
    j.    Lynette Gonzales as Independent Executrix of the Estate of Bernabe "Bennie" Gonzales - panaforma sinus;
    k.    Johnny G. Martinez - cancer and bleeding in the rectum;
    l.    Elida Ramos – as heir and personal representative of the Estate of Alberto Ramos - multiple melanoma bone marrow cancer;
    m.    Genaro Rodriguez – kidney cancer;
    n.    Martina Rodriguez - colon cancer;
    o.    Augustina Rosales - breast cancer;
    p.    Pauline Saenz - kidney cancer renal cell, fibrocystic breast tumors removed;
    q.    Mercedes E. Salinas - breast cancer;

r.    Natividad Sauceda - breast cancer;

s.    Adolfo Serenil - colon/anal cancer;

t.    Cresencia M. Valdez as heir and personal representative of the Estate of Pedro M. Valdez - colon and liver cancer;

u.    Irene G. Villanueva – osteosarcoma;

v.    Paula Ochoa Villanueva - breast cancer;

w.    Petra DeLaPaz Carrion - colon cancer;

x.    Flora Segura – breast cancer;

y.    Russell E. Mutz - good pasture syndrome;

z.    Jesse Gutierrez – lymphoma;

aa.    Yvonne Herrera, as personal representative of the Estate of Guadelupe Tobar - breast cancer;

ab.    Aurora Serenil Urrutia - breast cancer;

ac.    Louisa P. Cortez – colon cancer;

ad.    Maria Ibarra – breast cancer;

ae.    Debra Cantu - breast cancer;

af.    Darlene Adams – as heir and personal representative of the Estate of Andres S. Molina - Colon/Rectal Cancer;

ag.    Crystal Gail Yanta - leukemia;

ah.    Sam P. Jansky Sr. – colon cancer;

ai.    Fabian Claud Kowalik - jaw cancer;

aj.    Alfredo P. Garcia - colon cancer;

ak.    Arlene Olvera Soria as Executor of the Estate of Mario Olvera, Sr. – pancreatic cancer;

al.    Elida Ramos – leukemia;

am.    Olivia Garcia - breast cancer, cervical cancer

an.    Oralia V. Gonzales - breast cancer;

ao.    Marta Hernandez - uterine cancer;

ap.    Carylann Hernandez - osteogenic sarcoma;

aq.    Arlene Mzyk – breast cancer;

ar.    Angel R. Ruiz - Non-Hodgkins Lymphoma;

as.    Arturo Contreras as heir and personal representative of the Estate of Maria Contreras -lung cancer;

at.    Eva Casarez as heir to the estate of Rudy Casarez Sr. - throat, lung, liver cancer;

au.    Evelyn Hartman as heir and personal representative of the Estate of Alton Hartman - lung cancer;

av.    Gary J. Molina and Lisa Molina as Next Friend of Thomas Molina, a minor – leukemia;

aw.    Lucinda Ruiz as heir and personal representative of the Estate of Abelardo L. Ruiz – leukemia;

ax.    Jessica Garcia as heir and personal representative of the Estate of Jesus Garcia, Sr. - lung cancer;

ay.    Norma Delgado as heir and personal representative of the Estate of Mauro Torres Sr. - stomach cancer;

az.    Jose L. Hernandez, III and Bridgit Hernandez, as next friend of Jose L. Hernandez IV, a minor - brain tumors; and

ba.    Gerald Molina –lymphoma.

In the event those Plaintiffs who were cancer victims, are now deceased, their claims are asserted by an heir and personal representative as a survival action brought under Tex. Civ. Prac. & Rev. Code Ann. §71.021 (Vernon 1997). The above named heirs and personal representatives assert, in the case of each respective decedent that they represent that either: there is no will, no pending administration and no necessity for an administration or in the alternative that they have been appointed the personal representatives of the estates of their respective decedents.

35.    As a result of the injurious acts of the Defendants, Plaintiffs below assert wrongful death or consortium causes of action:

a.    Dorothy Dale – wrongful death benefits;
b.    Jessica Marie Garcia – wrongful death benefits;
c.    Evelyn Hartman – wrongful death benefits;
d.    Jose L. Hernandez III – loss of consortium;
e.    Bridgit Hernandez – loss of consortium;
f.    Elida Ramos – wrongful death benefits;
g.    Gary J. Molina – loss of consortium;
h.    Arleen Olvera Soria – wrongful death benefits;
i.    Felicita Torres – wrongful death benefits;
j.    Linda Torres Sotelo – wrongful death benefits;
k.    Norma Jean Delgado – wrongful death benefits;
l.    Pedro Torres – wrongful death benefits;
m.    Eirena T. Ramirez - wrongful death benefits;
n.    Jennifer Leigh Torres – wrongful death benefits;
o.    John Mitchell Torres – wrongful death benefits;
p.    Gloria Torres Almaguer – wrongful death benefits benefits;
q.    Delma Torres Alvear – wrongful death benefits;
r.    Estila Torres Perez – wrongful death benefits;
s.    Juanita Torres Inclan – wrongful death benefits;
t.    Israel Torres – wrongful death benefits;
u.    Alfredo Torres – wrongful death benefits;
v.    Mario Olvera Jr. – wrongful death benefits;
w.    Rachel C. Dovalina – wrongful death benefits;
x.    Eva Casarez – wrongful death benefits;
y.    Arturo P. Contreras Jr. – wrongful death benefits;
z.    Robert A. Contreras – wrongful death benefits;
aa.    Rudy Casarez Jr. – wrongful death benefits;
ab.    Perry Hartman – wrongful death benefits;

ac.  Presley Hartman – wrongful death benefits;
ad.  Sandra Chesser – wrongful death benefits;
ae.  Enrique F. Molina – wrongful death benefits;
af.  Darlene D. Molina-Adams – wrongful death benefits;
ag.  Amber N. Ramos, a minor – wrongful death benefits;
ah.  Mercedes Cruz, a minor – wrongful death benefits;
ai.  Tracy Olvera - wrongful death benefits;
aj.  Arturo Contreras, Sr. – wrongful death benefits;
ak.  Gary J. Molina - wrongful death benefits;
al.  Gerald Molina - wrongful death benefits;
am.  Lucinda Ruiz - wrongful death benefits;
an.  Rose Torres – wrongful death benefits;
ao.  Norma Jean Lopez – wrongful death benefits;
ap.  Benny Gonzales, Jr. – wrongful death benefits;
aq.  Magdeleno Gonzales – wrongful death benefits;
ar.  Lynette Gonzales – wrongful death benefits;
as.  Lisa Molina – loss of consortium;
at.  Joe Gabriel Valdez – wrongful death benefits;
au.  Pedro M. Valdez, Jr. – wrongful death benefits;
av.  Crescencia M. Valdez – wrongful death benefits;
aw.  Nancy R. Leal – wrongful death benefits;
ax.  Maria Elva Gonzales – wrongful death benefits; and
ay.  Lisa M. Cruz – wrongful death benefits;
az.  Gloria Almaguer – wrongful death benefits;
ba.  Gary J. Molina – loss of consortium;
bb.  Mauro G. Torres, Jr. – wrongful death beneficiary;
bc.  Robert Rosales – wrongful death beneficiary;
bd.  Ronnie Rosales – wrongful death beneficiary;
be.  Michael Ray Rosales – wrongful death beneficiary;
bf.  Abel Rosales – wrongful death beneficiary;
bg.  Reynaldo Casarez, Sr. – wrongful death beneficiary;
bh.  Julius Matthews – wrongful death beneficiary;
bi.  Yvonne Herrera – wrongful death beneficiary;
bj.  Brigida Valdez – wrongful death beneficiary

## GROSS NEGLIGENCE

36.  As a result of Defendants' grossly negligent conduct, Plaintiffs seek punitive/exemplary damages.

## GENERAL AGENCY ALLEGATIONS

37.  Whenever in this complaint it is alleged that a corporate defendant did any act or thing it is meant that Defendants' officers, agents, servants, employees, joint venturers, partners,

joint enterprisers and/or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of that Defendant, and was done in the normal and routine course and scope of the employment of Defendants' officers, agents, servants, employees, joint venturers, partners, joint enterprisers or representatives.

## NEGLIGENCE PER SE

38.    Plaintiffs would further show that Defendants have violated certain laws, statutes, rules, regulations and public policies of the State of Texas and the United States government regarding heavy metals, hazardous chemicals and hazardous waste, as well as uranium mining, milling and reclamation activities, including, but not limited to provisions of the following:

(A)    40 CFR 190, et seq;

(B)    Provisions of the Texas Administrative Code pertaining to uranium mining, milling, transportation, monitoring and disposal, including but not limited to the following Sections: 289.202(n), 289.202(n)(1)(A), (o), (aa), (cc), (ee), et seq., (ff), (ll), (mm), (nn), (rr), (ss), (ww), (xx), (yy), (aaa)(2), (ddd) and (eee);

(C)    Provisions of 10 CFR 20.1301, 10 CFR 20.1302, 10 CFR 20.1402, 10 CFR 20.1501, 10 CFR 20.1701, 10 CFR 1902, 10 CFR 1904, 10 CFR 1101(d), 10 CFR 20.2001, et seq., 10 CFR 20.2202, 10 CFR 20.2203, 10 CFR 2105, 10 CFR 2106, 10 CFR 2107, and 10 CFR 2108;

(D)    Texas Clean Air Act (382.001 et seq. V.A.C.S.), the Federal Clean Air Act (42 U.S.C. 7401 et seq., including the National Emission Standards for Hazardous Air Pollutants, and the rules and regulations promulgated under each of the above;

(E)    Comprehensive Environmental Response, Compensation and Liability Act (42

U.S.C. 9603), the Emergency Planning and Community Right to Know Act

(42 U.S.C. 11045(a)), and the rules and regulations promulgated under each of

the above;

(F)    Resource Conservation and Recovery Act (42 U.S.C. 6901-6991) and the rules

and regulations promulgated under this statute;

(G)    Federal Clean Water Act (33 U.S.C. 1319), the National Pollution Discharge

Eliminations System (NPDES), the Texas Clean Water Act (26.001 et seq,

V.A.C.S.), and the rules and regulations promulgated under each of the above.

(H)    The substantive rules regarding uranium mining of the Railroad Commission

of Texas 11.71 et seq.;

(I)    The Texas Uranium Surface Mining and Reclamation Act, Texas Natural

Resources Code, Chapter 131, .et seq., and amendments;

(J)    The Uranium Mill Tailings Radiation Control Act of 1978, and the Uranium

Mill Tailings Remedial Action Amendments Act of 1988.

Such violations constitute negligence *per se* and such negligence *per se* was a

proximate and/or producing cause of Plaintiffs' injuries and damages.

## LIABILITY OF RHODIA RARE EARTHS INC.

39.    Rhodia Electronics and Catalysis Inc. f/k/a Rhodia Rare Earths Inc. is

allegedly the successor in interest to certain assets and liabilities of Rhone-Poulenc, Inc.

## ANY APPLICABLE STATUTE OF LIMITATIONS HAVE BEEN TOLLED BY DEFENDANTS' ACTS OF FRAUDULENT CONCEALMENT AND DENIAL OF ACTS AS ALLEGED ABOVE

40.     Plaintiffs would show that any applicable statute of limitations have been tolled by Defendants' acts of fraudulent concealment. These include but are not limited to: (1) failing to disclose, and in fact suppressing, information concerning the injurious nature of their activities; and (2) Publicly stating that the quantities of radioactive materials and other contaminants were not sufficient to pose potential health risks to residents.

41.     Further, Plaintiffs would show that they filed suit as soon as they reasonably knew or should have known based upon a reasonably diligent inquiry, that their diseases were caused by the wrongful acts of the Defendants.

42.     With regard to any allegations Defendants' may make of statute of limitations, Plaintiffs plead equitable estoppel. Plaintiffs would show that the Defendants have contended that their activities were not harmful and injurious and Plaintiffs would show that Defendants are now estopped from contending that Plaintiffs knew or should have known that the Defendants' activities were harmful or injurious.

## ACTUAL DAMAGES

43.     Upon trial of this case, it will be shown that Plaintiffs, Hilaria Cano, Gloria Almaguer, Delma Torres Alvear, San Juanita Arguellez, Dorothy Dale as heir and personal representative of the Estate of Wanda Bryan, Debra Cantu, Petra DeLaPaz Carrion, Eva Casarez, Eva Casarez as heir and personal representative of the Estate of Rudy Casarez Sr., Rudy Casarez Jr., Reynaldo  Casarez Sr., Sandra Chesser, Arturo

Contreras Sr., Arturo P. Contreras Jr., Robert A. Contreras, Arturo Contreras as heir and personal representative of the Estate of Maria Contreras, Elma Cortez, Louisa P. Cortez, Lisa Cruz as Next Friend of Mercedes E. Cruz, a Minor, Lisa Cruz, Dorothy L. Dale, Edward de la Garza, Norma Jean Delgado, Rachel C. Dovalina, Charles Foley, Jimmy L. Foley, Jessica Maria Garcia, Emilio P. Garcia, Alfredo P. Garcia, Olivia Garcia, Jessica Garcia as heir and personal representative of the Estate of Jesus Garcia Sr., Elizabeth Gauna, Lynette Gonzales as Independent Executrix of Estate of Bennie Gonzales, Oralia V. Gonzales, Bennie Gonzales, Jr., Magdaleno Gonzales, Lynette Gonzales, Maria Elva Gonzales, Jesse Gutierrez, Evelyn Hartman, Evelyn Hartman as heir and personal representative of the Estate of Alton Hartman, Perry Hartman, Presley Hartman, Jose L. Hernandez III, Marta Hernandez,  Carylann Hernandez, Bridgit Hernandez, Jose Hernandez III  and Bridgit Hernandez as next friend of Jose Hernandez IV, a minor, Yvonne Marie Herrera, Maria Ibarra, Juanita Torres Inclan, Sam P. Jansky Sr., Fabian Claud Kowalik, Nancy R. Leal, Norma Jean Lopez,  Johnny G.  Martinez, Julius Matthews, Gary J. Molina, Darlene Adams as heir and personal representative of  the Estate of Andres S. Molina, Enrique F. Molina, Gerald J. Molina, Gary John  and Lisa Molina as Next Friend of Thomas Molina, a Minor, Gary J. Molina, Lisa Molina, Gerald Molina, Darlene D. Molina-Adams, Russell E. Mutz, Arlene Mzyk, Tracy Olvera, Arleen Olvera Soria as Executor of the Estate of Mario Olvera, Sr., Mario Olvera Jr., Estila Torres Perez, Eirene T. Ramirez, Elida Ramos as heir and personal representative of the Estate of Alberto Ramos, Elida Ramos, Arleen Olvera Soria as Next Friend of Amber N. Ramos, a Minor, Elida Ramos, Genaro Rodriguez, Martina Rodriguez, Augustina Rosales, Robert  Rosales, Ronnie  Rosales, Michael Ray  Rosales, Abel  Rosales,

Lucinda Ruiz, Angel R. Ruiz, Lucinda Ruiz as heir and personal representative of the Estate of Abelardo L. Ruiz, Pauline Saenz, Mercedes E. Salinas, Natividad Sauceda, Flora Segura, Adolfo Serenil, Arleen Olvera Soria, Linda Torres Moses, Yvonne Herrera as heir and personal representative of the Estate of Guadelupe Tobar, Mauro G. Torres Jr., Felicita Torres, Pedro Torres, Jennifer Leigh Torres, John Mitchell Torres, Israel Torres, Alfredo Torres, Norma Delgado as heir and personal representative of the Estate of Mauro Torres, Sr., Rose Torres, Aurora Serenil Urrutia, Crescencia M. Valdez as heir and personal representative of the Estate of Pedro M. Valdez, Sr., Joe Gabriel Valdez, Pedro M. Valdez Jr., Crescencia M. Valdez, Brigida M. Valdez , Irene G. Villanueva, Paula Ochoa Villanueva, Crystal Gail Yanta, were caused to sustain permanent injuries and damages as a proximate result of the Defendants' wrongful acts as described above. Plaintiffs therefore respectfully request the Court and Jury to determine the amount of the loss Plaintiffs have incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. There are certain elements of damages, provided by law, that Plaintiffs are entitled to have the Jury in this case separately consider, to determine the sum of money for each element that will fairly and reasonably compensate the Plaintiffs for their injuries and damages and losses incurred and to be incurred. Prior to the time of trial of this case, those elements of damages, to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate the Plaintiffs set forth in paragraph 34 above for each element are as follows:

    a.    The physical pain that Plaintiffs have suffered up to the time of trial;

    b.    The mental anguish that Plaintiffs have suffered up to the time of trial;

c.  The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiffs up to the time of trial;

d.  The loss of any earnings sustained by Plaintiffs up to the time of trial;

e.  The physical incapacity and disability suffered by the Plaintiffs and the resulting inability to do those tasks and services that the Plaintiffs ordinarily would have been able to perform.

Because of all of the above and foregoing, Plaintiffs set forth in paragraph 34 above have been damaged in an amount in excess of the minimum jurisdictional limits of the Court, for which sum they now bring suit.

44.  From the time of trial of this case the elements of damages to be separately considered which Plaintiffs set forth in paragraph 34 above will sustain in the future beyond the trial, are such of the following elements as may be shown by a preponderance of the evidence upon trial of this case:

a.  The physical pain that Plaintiffs will suffer in the future beyond the time of trial;

b.  The mental anguish that Plaintiffs will suffer in the future beyond the time of trial;

c.  The reasonable value of medical expenses that will necessarily be incurred In the treatment of Plaintiffs' injuries in the future beyond the time of trial;

d.  The loss or reduction in Plaintiffs' earning capacity in the future caused by the injuries sustained as a result of the injuries and damages in question;

e.  The damages resulting from the physical impairment that Plaintiffs will continue to suffer in the future beyond the time of trial and the resulting inability to do those tasks and services that Plaintiffs ordinarily would have been able to perform in the future beyond the time of trial.

45.  To the extent Plaintiffs in Paragraph 34 above who were cancer victims but are now deceased, their representatives seek all damages available pursuant to a survival cause of action, codified at Tex. Civ. Prac. & Rem. Code Ann. §71.021 (Vernon

1997) as follows:

> (a) pain and mental anguish experienced by the decedent before his/her death as a result of the occurrence in question;
>
> (b) the reasonable and necessary expense of the necessary medical and hospital care received by the decedent for illnesses/injuries sustained by him/her as a result of the occurrence in question; and
>
> (c) the reasonable amount of expenses for funeral and burial for the decedent reasonably suited to his/her station in life.

46.    To the extent that Plaintiffs in Paragraph 35 above are claiming derivatively through persons who are cancer personal injury claimants, these Plaintiffs seek loss of consortium damages based on the parent-child relationship or, to the extent that Plaintiff in Paragraph 35 above are claiming derivatively through persons who have died, these plaintiffs seek all damages available pursuant to Tex. Civ. Prac. & Rem. Code Ann. §71.001-.012 (Vernon 1997 & Supp. 2000) as follows:

> (a) the pecuniary loss for the loss of the care, maintenance, support, services, advice, counsel and reasonable contributions of a pecuniary value that the wrongful death claimant would have received had their decedent lived;
>
> (b) the loss of companionship and society for the loss of the positive benefits flowing from the love comfort, companionship and society that the wrongful death claimant would have received had their decedent lived;
>
> (c) the mental anguish including the emotional pain, torment and suffering experienced by the wrongful death claimant because of the death of their decedent; and
>
> (d) the loss of inheritance for the present value of the assets the their decedent, in reasonable probability, would have added to the estate and left at natural death to the wrongful death claimant.

Because of all of the above and foregoing, Plaintiffs in paragraph 34 above have been damaged and will be damaged in an amount in excess of the minimum jurisdictional limits of the Court for which sum they now bring suit.

## RES IPSA LOQUITUR

47.   Defendants are liable pursuant to the doctrine of res ipsa loquitur, because of the instrumentalities described above were within the exclusive control of the respective Defendants and Plaintiffs are in no way contributorily negligent.

## CONDITIONS PRECEDENT

48.   All conditions precedent to recovery have been performed.

## EXEMPLARY DAMAGES

49.   Plaintiffs would show that pursuant to Texas Civil Practices and Remedies Code, Chapter 41, Plaintiffs are entitled to the recovery of exemplary damages from Defendants because the harm with respect to which Plaintiffs seek recovery results from:

   a.   Malice on the part of the Defendants;

   b.   Willful acts or omissions or gross negligence with regard to those actions that are brought as wrongful actions;

   c.   And other actions in violation of the codes, provisions, rules, regulations and statutes described herein.

50.   Plaintiffs therefore request exemplary damages be awarded in an amount in excess of the minimal jurisdictional limits of this court.

## PRE-JUDGMENT INTEREST

51.   Plaintiffs further pray for pre-judgment interest as provided by law.

## PLAINTIFFS' DEMAND FOR JURY TRIAL

52.   Plaintiffs Hilaria Cano, Gloria Almaguer, Delma Torres Alvear, San Juanita Arguellez, Dorothy Dale as heir and personal representative of the Estate of

Wanda Bryan, Debra Cantu, Petra DeLaPaz Carrion, Eva Casarez, Eva Casarez as heir and personal representative of the Estate of Rudy Casarez Sr., Rudy Casarez Jr., Reynaldo Casarez Sr., Sandra Chesser, Arturo Contreras Sr., Arturo P. Contreras Jr., Robert A. Contreras, Arturo Contreras as heir and personal representative of the Estate of Maria Contreras, Elma Cortez, Louisa P. Cortez, Lisa Cruz as Next Friend of Mercedes E. Cruz, a Minor, Lisa Cruz, Dorothy L. Dale, Edward de la Garza, Norma Jean Delgado, Rachel C. Dovalina, Charles Foley, Jimmy L. Foley, Jessica Maria Garcia, Emilio P. Garcia, Alfredo P. Garcia, Olivia Garcia, Jessica Garcia as heir and personal representative of the Estate of Jesus Garcia Sr., Elizabeth Gauna, Lynette Gonzales as Independent Executrix of Estate of Bennie Gonzales, Oralia V. Gonzales, Bennie Gonzales, Jr., Magdaleno Gonzales, Lynette Gonzales, Maria Elva Gonzales, Jesse Gutierrez, Evelyn Hartman, Evelyn Hartman as heir and personal representative of the Estate of Alton Hartman, Perry Hartman, Presley Hartman, Jose L. Hernandez III, Marta Hernandez, Carylann Hernandez, Bridgit Hernandez, Jose Hernandez III and Bridgit Hernandez as next friend of Jose Hernandez IV, a minor, Yvonne Marie Herrera, Maria Ibarra, Juanita Torres Inclan, Sam P. Jansky Sr., Fabian Claud Kowalik, Nancy R. Leal, Norma Jean Lopez, Johnny G. Martinez, Julius Matthews, Gary J. Molina, Darlene Adams as heir and personal representative of the Estate of Andres S. Molina, Enrique F. Molina, Gerald J. Molina, Gary John and Lisa Molina as Next Friend of Thomas Molina, a Minor, Gary J. Molina, Lisa Molina, Gerald Molina, Darlene D. Molina-Adams, Russell E. Mutz, Arlene Mzyk, Tracy Olvera, Arleen Olvera Soria as Executor of the Estate of Mario Olvera, Sr., Mario Olvera Jr., Estila Torres Perez, Eirene T. Ramirez, Elida Ramos as heir and personal representative of the Estate of Alberto Ramos, Elida

Ramos, Arleen Olvera Soria as Next Friend of Amber N. Ramos, a Minor, Elida Ramos, Genaro Rodriguez, Martina Rodriguez, Augustina Rosales, Robert Rosales, Ronnie Rosales, Michael Ray Rosales, Abel Rosales, Lucinda Ruiz, Angel R. Ruiz, Lucinda Ruiz as heir and personal representative of the Estate of Abelardo L. Ruiz, Pauline Saenz, Mercedes E. Salinas, Natividad Sauceda, Flora Segura, Adolfo Serenil, Arleen Olvera Soria, Linda Torres Moses, Yvonne Herrera as heir and personal representative of the Estate of Guadelupe Tobar, Mauro G. Torres Jr., Felicita Torres, Pedro Torres, Jennifer Leigh Torres, John Mitchell Torres, Israel Torres, Alfredo Torres, Norma Delgado as heir and personal representative of the Estate of Mauro Torres, Sr., Rose Torres, Aurora Serenil Urrutia, Crescencia M. Valdez as heir and personal representative of the Estate of Pedro M. Valdez, Sr., Joe Gabriel Valdez, Pedro M. Valdez Jr., Crescencia M. Valdez, Brigida M. Valdez , Irene G. Villanueva, Paula Ochoa Villanueva, Crystal Gail Yanta assert their rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## JOINT AND SEVERAL LIABILITY

53.    The Defendants are jointly and severally liable.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer, and that on final trial, Plaintiffs have the following:

1.    Judgment against Defendants for a sum within the jurisdictional limits of the Court;
2.    Prejudgment interest as provided by law;
3.    Awards of actual and exemplary damages against Defendants in a sum determined by the trier of fact;
4.    Post-judgment interest as provided by law;
5.    Costs of suit; and
6.    Such other and further relief, both general and special, at law or in equity,

to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

REICH & BINSTOCK

BY: *Dennis C. Reich by permission MH*

DENNIS C. REICH
Texas Bar No. 16739500
MICHAEL T. HOWELL
Texas Bar No. 24009368
4265 San Felipe, Suite 1000
Houston, Texas  77027
Telephone:  (713) 622-7271
Facsimile:  (713) 623-8724


GRAYSON ✶ HOVENKAMP


BY: *Mark A. Hovenkamp*

MARK A. HOVENKAMP
Texas Bar No. 10059820
JOHN L. GRAYSON
Texas Bar No. 08341500
1001 McKinney, Suite 1000
Houston, Texas  77002
Telephone:  (713) 739-0058
Facsimile:  (713) 739-0059

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing was forwarded in the manner designated on this the ___9___ day of January, 2003, to all counsel of record named below.

*Via Regular Mail*
Dennis C. Reich
Michael T. Howell
Reich & Binstock
4265 San Felipe, Suite 1000
Houston, Texas 77027

*Via Regular Mail*
H. Ronald Welsh
Mary Lou Strange
Vinson & Elkins, L.L.P.
1001 Fannin Street, Suite 2300
Houston, Texas 77002-6760

*Via Regular Mail*
R. Jo Reser
Brian D. Metcalf
Ray, McChristian & Jeans
The Nowlin Building
9311 San Pedro, Suite 700
San Antonio, Texas 78216

*Via Regular Mail*
B. Thomas Cook
Bracewell & Patterson, L.L.P.
711 Louisiana, Suite 2900
Houston, Texas 77002-2781

*Via Regular Mail*
Gordon D. Laws
Gary, Thomasson, Hall & Marks
P.O. Box 2888
Corpus Christi, Texas 78403-2888

*Via Regular Mail*
Mcginnis, Lochridge & Kilgore, L.L.P.
Barry L. Wertz
3200 One Houston Center
1221 McKinney Street
Houston, Texas 77010

*Via Regular Mail*
McGinnis, Lochridge & Kilgore, L.L.P.
John R. Breihan
919 Congress Avenue, Suite 1300
Austin, Texas 78701

By: _____
Mark A. Hovenkamp